UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ORALIA DIAZ,<br><br>          Plaintiff,<br><br>v.<br><br>CISCO, INC,<br><br>          Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:20-cv-01526<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ORALIA DIAZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CISCO, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* as well as for Invasion of Privacy ("IOP"), for Defendant's unlawful and tortious conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas a subtotal portion of the events that gave rise to this action

1

occurred within the Southern District of Texas. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a collection company. Defendant "has been in the Accounts Receivable Management business since 1968."[1] Defendant maintains its principal place of business at 1702 Townhurst Drive, Houston, Texas 77043.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an allegedly outstanding debt ("subject debt") that Plaintiff incurred for her business.

10. Around the fall of 2019, Plaintiff began receiving calls to her cellular phone, (832) XXX-7465, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7465. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

---

[1] https://www.ciscocollect.com/

13. In other calls, Plaintiff is greeted by a pre-recorded message prompting her to wait for a representative.

14. Plaintiff, through her contacts with Defendant, was informed that Defendant is attempting to collect upon the subject debt.

15. Plaintiff was confused as to why Defendant was attempting to collect the subject debt from her. Plaintiff explained to Defendant that she had already paid off the subject debt and no longer owes it.

16. Despite Plaintiff's legitimate explanation, Defendant continued to place collection calls to her cellular phone. In addition to its calls to Plaintiff's cellular phone, Defendant consistently sends Plaintiff emails in an attempt to collect on the subject debt.

17. Defendant's harassing phone calls caused Plaintiff to demand multiple times that Defendant cease contacting her.

18. Additionally, Plaintiff replies to Defendant's email demanding that it cease all forms of communications with her.

19. Despite Plaintiff's demands and pleas, Defendant has continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject debt through the filing of this lawsuit.

20. Defendant has also persisted with its phone calls to Plaintiff's business.

21. Plaintiff has received not less than 50 phone calls from Defendant since asking it to stop calling.

22. Frustrated and stressed over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in exhausting time and resources.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Claimant repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a noticeable pause lasting a handful of seconds in length, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

28. In addition, Defendant also used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

29. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

4

30. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using an ATDS and pre-recorded messages without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ORALIA DIAZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

35. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

36. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, including calls to her cellular phone and business phone, was highly intrusive and invasive.

37. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing phone call campaign.

38. These persistent solicitation calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought her cellular phone.

39. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into making a payment on a debt that is no longer owed, Plaintiff had no reasonable escape from these incessant calls.

40. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

41. Defendant's relentless collection efforts and tactic of repeatedly auto dialing Plaintiff's cellular phone absent consent, after Plaintiff informed Defendant that the subject debt was satisfied in full, and after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

42. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing over 50 unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, ORALIA DIAZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: April 30, 2020

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com